IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

NITRO CONSTRUCTION SERVICES, INC.,
a West Virginia Corporation,

                Plaintiff,

v.                                      CIVIL ACTION NO. 3:25-cv-00026

PILOT TRAVEL CENTERS, LLC,
a Delaware limited liability company,

                Defendant.

## ORDER

Before the Court is Defendant Pilot Travel Centers LLC's Motion to Dismiss Plaintiff's Complaint. For the reasons set forth below, the Court **DENIES** the motion with respect to Count I of the complaint and **GRANTS** the motion with respect to Counts II, III, and VI of the complaint.

## I. BACKGROUND

On January 10, 2025, Plaintiff Nitro Construction Services, Inc. filed this action in West Virginia state court. *See* Compl., ECF 1-1. On January 16, 2025, Defendant removed the action to federal court. *See* ECF 1.

Defendant owns and operates a travel center close to Plaintiff's real property and principal place of business. *See* Compl., ECF 1-1 ¶¶ 3, 7. Plaintiff's complaint alleges that the Defendant's operation of the travel center is causing traffic that is interfering with Plaintiff's business. *See id.* ¶ 10. The complaint includes four counts: I. private nuisance, II. negligence, III. tortious business interference, and IV. injunctive relief. *See id.* at 4, 6–7, 9.

On February 10, 2025, Defendant moved the Court to dismiss each count pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *See* ECF 7. Plaintiff opposes the motion. *See* ECF 9.

## II. TIMELINESS

Plaintiff argues that the Court should deny Defendant's motion because it is untimely. *See* ECF 9 at 4–6. Plaintiff correctly notes that a 12(b) motion must be made before the moving party files a responsive pleading. *See id.* at 5; Fed. R. Civ. P. 12(b). Here, Defendant filed its motion after it filed a responsive pleading. *See* ECF Nos. 6–7.

In its Order and Notice, the Court set February 10, 2025 as the deadline to file 12(b) motions. *See* ECF 5 at 1. Defendant argues that its motion was timely because it was filed before this deadline. *See* ECF 11 at 2. The Order and Notice, however, did not purport to allow Defendant to file a 12(b) motion after it filed a responsive pleading.

Where a defendant files a 12(b) motion after filing a responsive pleading, the Court may construe the motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Burbach Broadcasting Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002). In its response to Defendant's motion, Plaintiff argued that the Court should decline to construe the motion as a 12(c) motion because the pleading period had not yet closed and Defendant is "sophisticated." *See* ECF 9 at 6. The pleading period has since closed. *See* ECF 12 ¶ 1. Regardless of the Defendant's level of sophistication, it would be a waste of time and resources to require Defendant to refile its motion under a different heading.

Accordingly, the Court will construe Defendant's motion as a 12(c) motion for judgment on the pleadings. So construed, Defendant's motion is timely.

### III. LEGAL STANDARD

The legal standard for a 12(c) motion is the same as the standard for a 12(b)(6) motion. *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 545. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

### IV. ANALYSIS

#### A. Count I: Private Nuisance

Under West Virginia law, "a private nuisance is a substantial and unreasonable interference with the private use and enjoyment of another's land." *Bansbach v. Harbin*, 728 S.E.2d 533, 537 (W.Va. 2012) (quoting *Hendricks v. Stalnaker*, 380 S.E.2d 198, 199 (W. Va. 1989)). "An interference . . . is unreasonable when the gravity of the harm outweighs the social value of the activity alleged to cause the harm." *Id.* (quoting *Hendricks*, 380 S.E.2d at 199).

Here, Plaintiff alleges facts sufficient to make its private-nuisance claim plausible on its face. In particular, Plaintiff alleges that "[t]rucks, tractor-trailers, and other commercial vehicles have caused and continue to cause extensive gridlock [near] Plaintiff's real property and business location due to the purposeful operations and promotion of Defendant's travel center." Compl., ECF 1-1 ¶ 9. Plaintiff further asserts that "gridlock, traffic, and overcrowding at Defendant's Travel Center, which is actively being advertised, marketed, and promoted by Defendant, is inhibiting Plaintiff's employees, customers, and business delivery services from entering and/or

leaving Plaintiff's business." *Id.* ¶ 10. Plaintiff also notes that "Defendant's signage and postings provide zero indication when its parking lot and premises are full and no longer able to accommodate additional motorists." *Id.* ¶ 7.

The Court is satisfied that Defendant's operation of its travel center, and its failure to alert motorists when the travel center is at capacity, plausibly constitute a substantial and unreasonable interference with Plaintiff's use and enjoyment of Plaintiff's land.

Defendant argues that Plaintiff has failed to state a claim for nuisance because abating the alleged nuisance would be impracticable. *See* ECF 8 at 4–5. But Defendant cites no authority demonstrating that the impracticability of abatement is an absolute defense to nuisance under West Virginia law. Even if it were, it is not clear, on the face of the complaint, that abating the alleged nuisance would be impracticable.

Accordingly, the Court will deny Defendant's motion with respect to Count I.

### B. Count II: Negligence

A person alleging negligence under West Virginia law "may not recover damages in the absence of physical harm to that individual's person or property, a contractual relationship with the alleged tortfeasor, or some other special relationship between the alleged tortfeasor and the individual . . . sufficient to compel the conclusion that the tortfeasor had a duty to the particular plaintiff and that the injury complained of was clearly foreseeable to the tortfeasor." *Aikens v. Debow*, 541 S.E.2d 576, 589 (W. Va. 2000).

Here, Plaintiff is not seeking to recover for physical injury resulting from Defendant's alleged negligence. Also, Plaintiff has not alleged that it has a contractual or special relationship with Defendant sufficient to compel the conclusion that Defendant had a duty to Plaintiff and that the injury complained of was clearly foreseeable to the Defendant. Accordingly, the Court will

dismiss Count II of the complaint.

### C. Count III: Tortious Business Interference

To prove tortious interference with business relations under West Virginia law, "a plaintiff must show: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 314 S.E.2d 166, 167 (1983). The intent element requires showing that the defendant intended that their actions interfere with the plaintiff's relationship or expectancy, not merely that the defendant intended to do the act that caused the interference. *See* Restatement (Second) of Torts § 766 cmt. j (A.L.I. 1979).

Plaintiff has not alleged that Defendant has engaged in any conduct with the intent to interfere with Plaintiff's business. Accordingly, the Court will dismiss Count III of the complaint.

### D. Count IV: Injunctive Relief

Defendant argues that Count VI should be dismissed because "injunctive relief is a remedy for substantive claims, and not a standalone claim . . . ." ECF 8 at 12. Defendant is correct. Accordingly, the Court will dismiss Count IV of the complaint. This does not preclude Plaintiff from seeking injunctive relief as a remedy for its nuisance claim.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion with respect to Count I of the complaint **GRANTS** Defendant's motion with respect to Counts II, III, and VI of the complaint, and **DISMISSES** Counts II, III, and VI of the complaint without prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 28, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE